# ORIGINAL

(Del. Rev.12/98)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

*Patrick W Smith*

_____

(Name of Plaintiff or Plaintiffs)

v.

CIVIL ACTION NO. _0 7 - 6 6 9_

(1) *STATE of Delaware*

(2) *Dept of Justice*

(Name of Defendant or Defendants)

(3) *Supreme court*
(4) *Randy J. Holland*
(5) *Jack B. Jacobs*
(6) *Henry D Ridgely*

## COMPLAINT

1.  This action is brought pursuant to *4th 14 + 5 Amendment*
    (Federal statute on which action is based)

    for discrimination related to *Search + Seizure* jurisdiction exists by virtue of
    (In what area did discrimination occur? e.g. race, sex, religion)

    _____
    (Federal statute on which jurisdiction is based)

    *mailing : P.O. Box 742*
    *Bear, De*
    *19701*

2.  Plaintiff resides at *337 Kemper Dr*
    (Street Address)

    *newark*          *De*          *19702*
    (City)    (County)     (State)         (Zip Code)

    *302 - 365-5599*
    (Area Code) (Phone Number)

    *Supreme court of Delaware*

3.  Defendant resides at, or its business is located at *55 The Green*
    (Street Address)

    *Dover*          *De*          *19901*
    (City)    (County)     (State)         (Zip Code)

4.  The alleged discriminatory acts occurred on *25* , *Oct* , *2005* .
    (Day)         (Month)      (Year)

5.  The alleged discriminatory practice  ☑ is   ☐ is not continuing.

6.    Plaintiff(s) filed charges with the _Superior Court_
                                                (Agency)

_55 The Green_        _Dover_              _De    19901_
    (Street Address)     (City)      (County)   (State)  (Zip)

regarding defendant(s) alleged discriminatory conduct on: _Oct 25, 2005_
                                                              (Date)

7.    Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8.    Was an appeal taken from the agency's decision?    Yes ☐    No ☑

      If yes, to whom was the appeal taken?_____

9.    The discriminatory acts alleged in this suit concern:  (Describe facts on additional sheets if
necessary)

_Superior Court Cast No 313, 2004 (No:0305°115°15)_

_The Ruling was Baas, The search warrent evidence sought was_

_Legal and what could Be Recovered even after Deterion was_

_Still Legle, no crime was Done._

_____

_____

_____

10.                    Defendant's conduct is discriminatory with respect to the following:

         A.    ☐    Plaintiff's race
         B.    ☐    Plaintiff's color
         C.    ☐    Plaintiff's sex
         D.    ☐    Plaintiff's religion
         E.    ☐    Plaintiff's national origin
         F     ✓    _Porn_

11.    Plaintiff prays for the following relief:    (Indicate the exact relief requested)

Pain & Mental abuse

20 million dollers   and   Record set Right

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   10-24-07

(Signature of Plaintiff)

Pro Se

IFP / CCS / Orig + 1 Compl.

- MAG Consent Receipt
- 6~ USM 285 provided
  (to be returned later)

- Privacy Ntc Provided

(Note) Copies (service) to be
provided @later date

BE

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRICK SMITH, | § | |
| | § | No. 313, 2004 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware, in and for New |
| | § | Castle County |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | No. 0305011518 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 7, 2005
Decided: October 25, 2005

Before **STEELE**, Chief Justice, **HOLLAND**, **BERGER**, **JACOBS** and **RIDGELY**,
Justices, constituting the Court *en Banc*.

Upon appeal from the Superior Court. **AFFIRMED.**

Joseph A. Hurley, Esquire, Wilmington, Delaware for Appellant.

Thomas E. Brown, Esquire, Department of Justice, Wilmington, Delaware for
Appellee.

**RIDGELY**, Justice, for the Majority:

The Defendant-Appellant, Patrick Smith, appeals from his convictions in the Superior Court on two counts of unlawfully dealing in child pornography in violation of 11 *Del. C.* 1109(4). Smith was sentenced to a total of six years of incarceration suspended after one year for probation. Smith challenges the validity of a search warrant for his residence authorizing a search for pornographic images on his computers, computer storage devices, or in videos, books or magazines. He contends that relevant information was omitted from the affidavit in reckless disregard of the truth and that a redacted affidavit does not support a finding of probable cause. The Superior Court denied Smith's motion to suppress. Because we find no error by the Superior Court, we affirm.

## I. BACKGROUND

After an initial report was filed with the Division of Family Services, New Castle County Police Detective Joseph Szczerba was assigned to investigate allegations involving Smith's thirteen year old daughter. Szczerba interviewed her and Smith's adult daughter-in-law in early May of 2003. The minor daughter, who had lived with Smith for a period of twelve years that ended four months before the interview, explained that "while she lived with her parents, her father showed her images on the computer of naked men and women." In some of the images there was sexual contact. She reported that these images were on her father's laptop computer

2

which he had used for three years. She had last seen these images during calendar year 2002. She explained that her father was very protective of this laptop computer and that he also used it to collect images of naked men and women from the Internet. Smith's daughter told Szczerba that Smith forced her to watch pornography while he exposed himself. Smith's daughter-in-law reported that Smith also used a desktop computer, which had images of naked men and women that she had seen on it one year earlier.

The affidavit in support of the search warrant included information that the daughter no longer lived with Smith, but did not disclose that she had moved out of the residence four months earlier. Nor did it state the last time she saw the images. The affidavit did explain the existence of data protocols to recover hidden, erased or encrypted files. A search warrant was issued by the Magistrate and the police seized the laptop computer, the desktop computer, and several computer disks associated with both of these computers. Ultimately, child pornography was found on the computer disks.

The trial judge noted that while the affidavit was not "as well stated or clearly stated as it might have been", it was written in a way that made it clear that the minor daughter was no longer living with her father. The trial judge found no evidence of reckless disregard of the truth concerning the information omitted from the affidavit.

3

The trial judge further found that even if the information had been included, the affidavit still would have been adequate because "it rises to the level of common knowledge that imagery in computers is still in existence and is persistent."

## II. DISCUSSION

Smith's first claim is that the Superior Court erroneously evaluated Szczerba's failure to include relevant information in the search warrant affidavit in reckless disregard of the truth, specifically by omitting the facts that Smith's daughter had not been living with him for more than four months and that she had last seen the images sometime in 2002. If the police omit facts that are material to a finding of probable cause with reckless disregard for the truth, then the rationale of *Franks v. Delaware* applies.[1] The omitted information is then added to the affidavit so that the existence or absence of probable cause can be re-evaluated.[2]

This Court generally reviews a denial of a motion to suppress evidence for abuse of discretion.[3] The Superior Court found that Szczerba did not act in reckless disregard of the truth, because he communicated in the affidavit that Smith's daughter no longer resided in the home. The language of that affidavit always spoke of the

---

[1] *Blount v. State*, 511 A.2d 1030, 1033-34 (Del. 1986) citing *Franks v. Delaware*, 438 U.S. 154 (1978).
[2] *Id.*
[3] *Woody v. State*, 765 A.2d 1257, 1261 (Del. 2001).

4

daughter's presence in the home in the past tense, and the affidavit explicitly stated Smith's daughter currently was living with her brother and sister-in-law. It also described the presence of computer images during 2002 as observed by Smith's daughter-in-law. We have carefully examined the record and conclude that the Superior Court did not abuse its discretion in finding that Szczerba did not act in reckless disregard of the truth.

Smith's second claim is that the Superior Court erred in concluding that the affidavit established probable cause sufficient to issue a search warrant. Where the facts are not in dispute and only a constitutional claim of probable cause is at issue, this Court's review of the Superior Court's ruling is *de novo*.[4] We review a probable cause determination in the issuance of a search warrant with great deference, considering it as a whole and "not on the basis of a hypertechnical analysis of its separate allegations."[5] As the United States Supreme Court explained in *Illinois v. Gates*:[6]

> [A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's determination of probable cause should be paid great deference by reviewing courts. A grudging or negative attitude by reviewing courts toward warrants is

---

[4] *Purnell v. State*, 832 A.2d 714, 719 (Del. 2003).

[5] *Blount*, 511 A.2d at 1034.

[6] 462 U.S. 213, 236 (1983) (internal citations and quotations omitted). This Court applied the "totality of circumstances" standard of *Illinois v. Gates* in *Thompson v. State*, 539 A.2d 1052, 1055, 1059 (Del. 1988). See also *Coleman v. State*, 562 A.2d 1171, 1177 (Del. 1989).

> inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner.[7]

This Court has held that an affidavit in support of a search warrant is sufficient if it sets "forth facts adequate for a judicial officer to form a reasonable belief that an offense has been committed and that seizable property would be found in a particular place."[8]

In this case, the affidavit submitted to the Magistrate provided a basis for a reasonable belief that Smith had endangered the welfare of his child and that evidence of this crime would be found in Smith's home. Even if the affidavit had included the omitted information, there still existed a basis for the Magistrate to form a reasonable belief that this crime occurred and that incriminating evidence would be found if a search warrant was issued. The affidavit alleged that Smith had used the same laptop computer for three years and that he was very protective of it. Data protocols were

---

[7] *Illinois v. Gates*, 462 U.S. 213, 236 (1983). The United States Supreme Court further expressed its rationale for this deference as follows:

> If the affidavits submitted by police officers are subjected to the type of scrutiny some courts have deemed appropriate, police might well resort to warrantless searches, with the hope of relying on consent or some other exception to the Warrant Clause that might develop at the time of the search. In addition, the possession of a warrant by officers conducting an arrest or search greatly reduces the perception of unlawful or intrusive police conduct, by assuring the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search. (internal citations and quotations omitted).

described by which investigators could recover computer files even after deletion.[9] Unlike a gun or drugs, which may be disposed of quickly, computers and computer files can exist long after the commission of a crime. Federal courts have upheld search warrants for computer data issued months after the alleged acts took place, because the computer data continues to exist.[10]

The dissent contends that *United States v. Zimmerman*[11] controls the outcome of this case. *Zimmerman* is distinguishable on its facts. In *Zimmerman*, the Third Circuit held that no probable cause existed to search for adult and child pornography on a computer in the defendant's home based upon an allegation that the defendant had showed one clip of adult pornography to a high school student at his home many months earlier.[12] There are several factors present in this case, each independently sufficient to distinguish *Zimmerman*. First, the affidavit in *Zimmerman* alleged only a single incident rather than (as here) a course of conduct. Second, the affidavit in *Zimmerman* did not state that Zimmerman ever possessed child pornography or that it

---

[8] *Fink v. State*, 817 A.2d 781, 787 (Del. 2003); *Dorsey v. State*, 761 A.2d 807, 811 (Del. 2000).

[9] The affidavit described data protocols "designed to protect the integrity of the evidence and to recover even 'hidden', erased, compressed pass-word protected, or encrypted files."

[10] *See United States v. Hay*, 231 F.3d 630, 636 (9th Cir. 2000) (government application took place six months after images were transmitted on computer); *United States v. Lacy,* 119 F.3d 742, 745 (9th Cir. 1997) ("The information relied on in this case was ten months old. However, the mere lapse of substantial amounts of time is not controlling in a question of staleness.").

[11] 277 F.3d 426 (3rd Cir. 2002).

[12] *Id.*

7

would be found at his home.[13] In *Zimmerman,* the police intended to search for illegal *child* pornography, even though the affidavit only alleged possession of legal *adult* pornography.[14] The police in *Zimmerman* were found to be acting outside the scope of what the affidavit supported because there, "the video clip of adult pornography, the only pornography that officers were aware of, was legal."[15]

Here, the affidavit presented to the Magistrate described not a single incident, but a course of criminal conduct in Smith's home involving the use of adult pornography in a way that endangered the welfare of his own child over a period of time in violation of 11 *Del. C.* § 1102. Even though the pornography described in the affidavit was legal in and for itself, Smith's continuous use of his computer to show that pornography to his child was not. Police searched Smith's home looking only for the adult pornography that Smith's daughter described, and for the devices Smith used to store or display it. The computers themselves were "instruments of or were used in a criminal offense"[16] and a Magistrate could have concluded reasonably from the

---

[13] 277 F.3d at 429.

[14] The defendant had shown a clip of adult pornography in his home. The affidavit did not contain any information that the defendant had ever possessed child pornography in his home. Police in Zimmerman "intended to enter Zimmerman's home to retrieve *child* pornography, although there was absolutely no information in the affidavit or anywhere else indicating that child pornography was – or ever had been – located there." *Zimmerman,* 277 F.3d at 433 (emphasis added).

[15] *People v. Donath,* 827 N.E.2d 1001, 1009 (Ill. App. Ct. 2005) citing *Zimmerman,* 277 F.3d at 433.

[16] 11 *Del. C.* § 2305.

affidavit that there was a reasonable probability that both would still be in Smith's home.

A Magistrate could also conclude reasonably from the affidavit that there was a reasonable probability that some evidence of the images of adult pornography described in the affidavit also would be found in the home. The age of information is just one factor in determining staleness. "[W]hether information has become stale due to an impermissible delay in securing a warrant depends upon all the facts as viewed in a flexible and practical manner."[17] The affidavit recited that Smith was very protective of his laptop computer which he used to show pornography to his child. Smith had used that same computer for three years. A Magistrate could reasonably infer that Smith was protective of his computer because it contained pornography.

Even hidden or erased computer images are subject to recovery and the affidavit described existing protocols for accomplishing that. Based upon the nature of the evidence sought, the contents of the affidavit, and the availability of data protocols to recover the images on Smith's computer even after they were hidden or erased, the affidavit set forth sufficient facts to allow the Magistrate to form a reasonable belief

---

[17] *Jensen v. State*, 482 A.2d 105, 112 (Del. 1984); *See also State v. Pulgini*, 374 A.2d 822, 823 (Del. 1977) (quoting *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir. 1972) ("[w]here the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant.")

that Smith had endangered the welfare of his child by showing her adult pornography and that seizable property would be found in his home. Therefore, the Superior Court did not err by denying Smith's motion to suppress evidence.

## III. CONCLUSION

The judgments of the Superior Court are affirmed.

10

**BERGER**, Justice, dissenting, with whom **STEELE**, Chief Justice, joins:

The majority holds that a warrant to search for adult pornography on a computer was not stale, even though the affidavit of probable cause provided no information as to when the victim had seen the pornography, and, at the suppression hearing, the detective acknowledged that the offense occurred between five and seventeen months before the warrant was issued. The majority bases its decision on the nature of the evidence sought and the fact that computer files can be recovered even after deletion.

Numerous courts in other jurisdictions have addressed staleness when considering the likelihood of finding *child* pornography on a computer.[18] (In fact, the majority relies on two of those cases to support its decision.)[19]  Expert evidence presented to those other courts established that child pornography is difficult to obtain and that people who obtain child pornography tend to save it for many months, if not years. But there was no cause to believe that a search of Smith's computer would reveal child pornography. The search warrant was issued on the basis that Smith had displayed adult pornography to his child.

---

[18] *See, e.g., United States v. Hay*, 231 F.3d 630 (9th Cir. 2000); *United States v. Lacy*, 119 F.3d 742 (9th Cir. 1997); *United States v. Chrobak*, 289 F.3d 1043 (8th Cir. 2002); *United States v. Cox*, 190 F.Supp. 2d 330 (N.D.N.Y. 2002); *Hause v. Commonwealth*, 83 S.W.3d 1 (Ky. Ct. App. 2001).
[19] *United States v. Hay, Supra; United States v. Lacy, Supra.*

11

No evidence has been presented to this Court, the trial court, or the magistrate, suggesting that adult pornography is difficult to obtain or that it is retained for long periods of time. To the contrary, it is a known fact that adult pornography is readily available on the internet.[20]  Thus, there would be no reason to expect that the pornography being sought here would have been saved on Smith's computer for as much as a year or more.

The majority also bases its decision on the premise that computer files can be retrieved even after they have been erased. The only evidence on this point, however, was conflicting at best. In the affidavit of probable cause, the detective explained that there are "data protocols... designed to protect the integrity of the evidence and to recover even 'hidden', erased, compressed password-protected, or encrypted files." But he continued, "since computer evidence is extremely vulnerable to inadvertent or intentional modification or destruction (either from external sources or from destructive codes imbedded in the system as a 'booby trap'), a controlled environment is essential to its complete and accurate analysis." Thus, it appears that computer information can be recovered after being deleted, but it also can be destroyed. Moreover, if it is common knowledge that computer files can be retrieved after being erased, then computer users who wish to remove illegal materials from their

_____

[20] *See U.S. v. American Library Assoc., Inc.*, 539 U.S. 194, 200 (2003).

12

computers also would know that they have to do more than just delete the file to
protect themselves.

In *U.S. v. Zimmerman*,[21] the Third Circuit Court of Appeals held there was no
probable cause to issue a search warrant under facts very similar to those presented
here. The defendant, a high school teacher and athletic coach, had been under
investigation for allegedly sexually accosting his male students. One student told the
police that defendant showed him adult pornography on defendant's computer. Three
other students allegedly confirmed that they had seen the pornography at defendant's
home approximately six months before the warrant was issued. The appellate court
distinguished between child pornography and adult pornography in concluding that
the information in the affidavit of probable cause was stale:

> In conducting our staleness analysis in [*United States v. Harvey*, 2
> F.3d 1318 (3rd Cir. 1993)], we also pointed to the fact that pedophiles
> rarely, if ever dispose of child pornography....Presumably individuals
> will protect and retain child pornography for long periods of time
> because it is illegal and difficult to obtain....There is no indication,
> however that [defendant] ever possessed child pornography, and [the
> expert affiant] did not address the issue of whether adult pornography
> typically is retained. Moreover, the only piece of pornography that
> [defendant] allegedly possessed was, in all likelihood, legal and quite
> easy to obtain. The affidavit states that the video clip of the woman and
> the horse was viewed via the Internet. This suggests that [defendant]

---

[21] 277 F.3d 426 (3rd Cir. 2002).

could easily access it and had no reason to retain a copy and carefully guard it.[22]

The majority attempts to distinguish *Zimmerman*, saying that: 1) *Zimmerman* involved only a single incident, not a course of conduct; 2) there was no allegation that Zimmerman ever possessed child pornography; and 3) the police were improperly using an affidavit alleging possession of adult pornography to search for child pornography. It is difficult to follow the majority's reasoning. First, the staleness analysis applies equally to single incidents and courses of conduct.[23] Second, as with Zimmerman, there was no allegation that Smith ever possessed child pornography. Third, although the *Zimmerman* court held that there was no probable cause to search for child pornography (because there was no evidence that Zimmerman ever possessed it), it also held that " there was no probable cause to search for adult pornography ... because the information supporting probable cause was stale."[24]

---

[22] *Id.* at 434-35.

[23] In *Zimmerman*, the court distinguished its *Harvey* decision:

  In *Harvey*, we held that information indicating that the defendant had ordered and received child pornography on thirteen occasions during the fifteen months preceding the issuance of the warrant was not stale. *We emphasized, however, that the defendant had received three mailings only two months before the warrant was issued....* We also emphasized the fact that there was a "continuing offense of receiving child pornography." 277 F.3d at 434 (Emphasis added.)

[24] 277 F.3d at 433-34.

14

Applying the *Zimmerman* staleness analysis to the facts of this case would require a finding that there was no probable cause. Smith allegedly viewed adult pornography on his computer sometime between five and seventeen months before the warrant was issued. There was no indication that Smith ever possessed child pornography and no expert opined about whether adult pornography is typically retained. The pornography that Smith allegedly possessed apparently was legal and easily obtainable. In sum, there was no reason to believe that the adult pornography would still be on Smith's computer many months after it was observed. Therefore, I dissent.

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

07 - 669

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Smith, Patrick W. | State of Delaware Dept. of Justice, et al |

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
New Castle County, Delaware

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☒ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fourth Amendmet Search and Seize

Brief description of cause:
Search & Seize when no crime

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 20,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
Supreme Court of State of Delaware
JUDGE

DOCKET NUMBER NO 313, 2004

DATE 10-24-07

SIGNATURE OF ATTORNEY OF RECORD
Patrick Smith

### FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____



AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____0 7 - 6 6 9_____

# **ACKNOWLEDGMENT**
# **OF RECEIPT FOR AO FORM 85**

# *NOTICE OF AVAILABILITY OF A*
# *UNITED STATES MAGISTRATE JUDGE*
# *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_10/24/07_
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action