IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK W. SMITH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 07-669-JJF |
| | : |
| STATE OF DELAWARE, DEPARTMENT | : |
| OF JUSTICE, DELAWARE SUPREME | : |
| COURT, JUSTICE RANDY J. | : |
| HOLLAND, JUSTICE JACK B. | : |
| JACOBS, and JUSTICE HENRY D. | : |
| RIDGELY, | : |
| | : |
| Defendants. | : |

Patrick W. Smith, Pro se Plaintiff, Newark, Delaware.

**MEMORANDUM OPINION**

February 21, 2008
Wilmington, Delaware

Farnan, District Judge

Plaintiff Patrick W. Smith filed this action on October 24, 2007. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4.) For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. BACKGROUND

Plaintiff was convicted in the Delaware Superior Court of two counts of unlawfully dealing in child pornography. He appealed his convictions and denial of a motion to suppress. On October 25, 2005, the Delaware Supreme Court affirmed the judgments of the Superior Court. Smith v. Delaware, No. 313, 2004 (Del. Oct. 25, 2005) (en banc). Chief Justice Steele and Justices Holland, Berger, Jacobs, and Ridgely heard the matter. Plaintiff alleges that "the ruling was bias, the search warrant evidence sought was legal and what could be recovered even after deletion was still legal, no crime was done." (D.I. 2.)

II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

-1-

from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, - F.3d -, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 2008 WL 305025, at *6 (quoting Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007)

-3-

(citations omitted).

### III. ANALYSIS

#### A. Eleventh Amendment

Three Defendants, the State of Delaware, the Delaware Department of Justice, and the Delaware Supreme Court, are immune from suit by reason of the Eleventh Amendment. The Eleventh Amendment proscribes any suit against a state, or against a state agency or department or state official where "the state is the real, substantial party in interest," unless the state consents to suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984); see MCI Telecom. Corp v. Bell Atlantic of Penn., 271 F.3d 491 (3d Cir. 2001) (states are generally immune from private suits in federal court). The Eleventh Amendment is a "jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Additionally, the Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100. Finally, Delaware's branches of government, such as the judicial branch, are not persons subject to claims under 42 U.S.C. § 1983. Id. The State of Delaware has neither

consented to Plaintiff's suit nor waived its immunity under the Eleventh Amendment.  Its judicial branch, the Delaware Supreme Court also has Eleventh Amendment immunity.  Finally, because the Delaware Department of Justice is a duly constituted state agency whose Eleventh Amendment immunity has not been waived it, too, is immune from suit.  Therefore, the Court will dismiss the claims against the State of Delaware, the Delaware Department of Justice, and the Delaware Supreme Court as they are immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.  Judicial Immunity**

The remaining Defendants all are justices of the Delaware Supreme Court.  Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice.  Mireles v. Waco, 502 U.S. 9, 11 (1991).  Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction."  Id. at 11-12.  It is clear from Plaintiff's allegations that he is dissatisfied with the Supreme Court's ruling.  The Complaint, however, contains no allegations that any of the Defendant Supreme Court Justices acted outside the scope of their judicial capacity, or in the absence of their jurisdiction.  Mireles, 502 U.S. at 11.

Justices Holland, Jacobs, and Ridgely are immune from suit for monetary liability under 42 U.S.C. § 1983.  Accordingly,

Plaintiff's claims against them lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

All Defendants are immune from suit. Therefore, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004) Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.